United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60357
Summary Calendar

———————————

QI CHONG CHEN,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 505 669

———————————

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Qi Chen ("Chen") petitions this court for review of the Board
of Immigration Appeals' ("BIA") decision affirming the Immigration
Judge's ("IJ") order denying his applications for asylum and
withholding of deportation and for relief under the Convention
Against Torture.

When, as here, the BIA summarily affirms without opinion and

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adopts the IJ's decision, we review the IJ's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Chen first argues that the IJ erred in failing to state the applicable burden of proof for asylum. Although not restated verbatim, it is apparent that the IJ applied the correct standard. Therefore, the applicable standard of proof was adequately set forth. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

Chen argues that the IJ's determination that his testimony was not credible was error because the inconsistencies relied on by the IJ were not central to his claim and therefore cannot provide the basis for an adverse credibility determination. Chen has not demonstrated that the record compels a conclusion contrary to that of the IJ, and therefore has not provided a basis for this court to replace the IJ's determinations concerning credibility or ultimate factual findings based on credibility determinations with its own determinations. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Because Chen's credibility was impugned during the deportation proceedings, the IJ could permissibly determine that his uncorroborated testimony did not establish his asylum claim, particularly where corroboration was readily available to Chen (if his testimony were true). *Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996); 8 C.F.R. § 208.13(a).

Our review of the record reveals that the IJ's determination that Chen failed to discharge his burden to demonstrate that he is

entitled to asylum is supported by substantial evidence.  *See* 8 C.F.R. § 208.13(a).  As Chen does not argue in his petition for review that the IJ erred in denying his request for withholding of deportation, the argument is deemed abandoned.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Lastly, the burden of proof for withholding of removal under the Convention Against Torture is a higher standard than that for asylum.  Failure to satisfy the less demanding asylum standard is, *a fortiori*, a failure to demonstrate eligibility for withholding of removal.  *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Accordingly, Chen has not demonstrated that he is entitled to relief under the Convention Against Torture.  The petition for review is therefore

DENIED.